Entered: August 22nd, 2022
Signed: August 22nd, 2022

**SO ORDERED**



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## at GREENBELT

| | | |
|---|---|---|
| In re: | * | Case No.   20-20702-TJC |
| Derrick Stephen Sieber | * | Chapter   7 |
| Debtor | * | |
| * * * * * * | * | * * * * * * |
| In re: | * | |
| District of Columbia | * | |
| Plaintiff and Counter-Defendant | * | |
| v. | * | Adv. Proc. No. 21-00253 |
| Derrick Stephen Sieber, *et al.* | * | |
| Defendant and Counter-Claimant | * | |
| * * * * * * | * | * * * * * * |

### ORDER DISMISING COUNTERCLAIMS OF DEBTOR DERRICK SIEBER FOR LACK OF REAL PARTY IN INTEREST

Plaintiff, the District of Columbia, brought this adversary proceeding against debtor Derrick Stephen Sieber ("Debtor") seeking to deny his discharge under 11 U.S.C. §727(a)(4)(A) and to except certain debts owed by him from discharge under §523(a)(2). Debtor, along with his father Stephen Sieber, filed counterclaims against the District of Columbia and four other individual or entity counter-defendants: Home Advisors, Inc., Angie's List Inc., Kenneth Vogel and Lamar Toland. ECF 6. Debtor seeks damages for negligence per se against the District

1

(Count I); libel against all counter-defendants (Count II); slander against counter-defendants Vogel and Toland (Count III); abuse of process against the District of Columbia (Count IV); breach of contract against counter-defendants Home Advisor Inc. and Angie's List, Inc. (Count V); tortious interference against the District (Count VI); intentional infliction of emotional distress against all counter-defendants (Count VII); violation of D.C. Code §28-3904(g) against all counter-defendants (Count VIII), and for conspiracy (Unnumbered Count).[1]

The District of Columbia filed a motion to dismiss the counterclaims on several grounds, notably *res judicata*. ECF 21 and 28. It argued that Debtor has asserted these same claims in both the Superior Court of the District of Columbia and the United States District Court for the District of Columbia, and those courts rejected the claims both initially and on requests for reconsideration.

Debtor is a debtor in chapter 7 case. He, not the Chapter 7 trustee, asserted the counterclaims. This raised the question of whether the counterclaims could proceed with Debtor as the counter-plaintiff and whether he was the real party in interest. On July 28, 2022, the Court issued an order to show cause ("Show Cause Order") to provide the Chapter 7 trustee the opportunity to "ratify, join, or be substituted into the action," or take other action that would allow the real party in interest to pursue the claims. ECF 64. Neither Debtor nor the Chapter 7 trustee responded to the Show Cause Order or took any other action. The Court will dismiss the counterclaims because they are not brought and are not being prosecuted by the real party in interest.

---

[1] Debtor's defunct company Precision Contracting Solutions, LP ("PCS") is not named as a counter-plaintiff in the counterclaim and is not a signatory to the counterclaim. ECF 6. At times, the counterclaim incorrectly refers to PCS as a "plaintiff." The Court pointed out this deficiency to Debtor and gave him the opportunity to correct it by filing an amended counterclaim that included PCS as a counter-plaintiff or taking other action. ECF 64 at n.1. Debtor did not take any such action. Accordingly, PCS is not a party to the counterclaims and the counterclaims do not survive by reference to PCS.

The Show Cause Order recited the facts concerning the Debtor's bankruptcy case and the disclosure of the claims asserted in the counterclaims. ECF 64 at 2. The Court also addressed the Fourth Circuit decision in *Martineau v. Wier*, 934 F.3d 385 (4th Cir. 2019). *Id*. at 2-5. There, the Fourth Circuit explained that an action that asserts claims that belong to the bankruptcy estate must be brought by the Chapter 7 trustee as the real party in interest. *Id*. at 2-5. As the Fourth Circuit explained:

> Under Rule 17 of the Federal Rules of Civil Procedure, "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). And in the context of a Chapter 7 bankruptcy, it is the bankruptcy trustee and not the debtor who is the real party in interest with respect to property of the estate, with the right to bring any legal claims that belong to the estate.

*Id*. at 4, *quoting Martineau v. Wier*, 934 F.3d 391. The Fourth Circuit instructed bankruptcy courts to give the Chapter 7 Trustee the opportunity to "ratify, join, or be substituted into the action" before dismissing it. *Id.* at 4, *quoting Martineau v. Wier*, 934 F.3d 392.

The Court provided that opportunity in the Show Cause Order. Neither the Chapter 7 Trustee nor the Debtor filed a response or took any other action. Accordingly, the proceeding is not being prosecuted by the real party in interest.

Therefore, it is by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the counterclaims, ECF 6, of counter-plaintiff Debtor Derrick Sieber are dismissed because they are not being prosecuted by the real party in interest.

cc:   all parties
      all counsel

**END OF ORDER**