Entered: August 22nd, 2022
Signed: August 22nd, 2022
**SO ORDERED**



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# at GREENBELT

| | | |
|---|---|---|
| In re: | * | Case No.  20-20702-TJC |
| Derrick Stephen Sieber | * | Chapter  7 |
| Debtor | * | |
| * * * * * * | * | * * * * * * |
| In re: | * | |
| District of Columbia | * | |
| Plaintiff and Counter-Defendant | * | |
| v. | * | Adv. Proc. No. 21-00253 |
| Derrick Stephen Sieber, *et al.* | * | |
| Defendant and Counter-Claimant | * | |
| * * * * * * | * | * * * * * * |

## ORDER DISMISSING COUNTERCLAIMS OF STEPHEN SIEBER FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff the District of Columbia brought this adversary proceeding against debtor Derrick Stephen Sieber ("Debtor") seeking to deny his discharge under 11 U.S.C. §727(a)(4)(A) and to except certain debts owed by him under from discharge under §523(a)(2). Stephen Sieber, the debtor's father ("Stephen"), along with Debtor, filed counterclaims against the District of Columbia and four other individual or entity counter-defendants: Home Advisors, Inc., Angie's List Inc., Kenneth Vogel, and Lamar Toland. ECF 6. Stephen seeks damages for

1

libel against the counter-defendant District of Columbia (Count II), for slander against counter-defendants Vogel and Toland (Count III), for abuse of process against the District of Columbia (Count IV), for violation of D.C. Code §28-3904(g) against all counter-defendants (Count VIII), and for conspiracy (Unnumbered Count)..[1]

The District of Columbia filed a motion to dismiss the counterclaim on several grounds, notably *res judicata*. ECF 21, 28. It argues that Stephen, and Debtor, have asserted these same claims in both the Superior Court of the District of Columbia and the United States District Court for the District of Columbia, and those courts rejected the claims both initially and on requests for reconsideration.

Stephen's counterclaims, however, raised the question of whether the Court had subject matter jurisdiction to hear them. Stephen is a nondebtor asserting personal claims against nondebtors, and the Court's subject matter jurisdiction is not apparent on the face of the counterclaims. The Court issued an order to show cause to give Stephen the opportunity to assert a basis for subject matter jurisdiction. ECF 65. Stephen did not respond to the show cause order. The Court will dismiss Stephen's counterclaims for lack of subject matter jurisdiction.

This Court derives its jurisdiction from the District Court. 28 U.S.C. §157(a). As pertinent here, the District Court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). A claim "aris[es] under title 11" if it is a "cause of action created by the Bankruptcy Code, and which lacks existence outside the context of bankruptcy." *Educ. Credit Mgmt. Corp.*

---

[1] Debtor's defunct company Precision Contracting Solutions, LP ("PCS") is not named as a counter-plaintiff in the counterclaim and is not a signatory to the counterclaim. At times, the counterclaim incorrectly refers to PCS as a "plaintiff." The Court pointed out this deficiency to Debtor and Stephen and gave them the opportunity to correct it by filing an amended counterclaim that included PCS as a counter plaintiff or taking other action. ECF 64 at n.1. ECF 65 at n.1. Neither the Debtor nor Stephen took any such action. Accordingly, PCS is not a party to the counterclaims and the counterclaims do not survive by reference to PCS.

*v. Kirkland (In re Kirkland)*, 600 F.3d 310, 315-18 (4th Cir. 2010).  A claim "arises in" Title 11 of the United States Code if it is one "that is not based on any right expressly created by Title 11, but nevertheless could have no existence outside of bankruptcy." *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003) (quoting *A.H. Robins Co. v. Dalkon Shield Claimants Trust,* 86 F.3d 364, 372 (4th Cir.1996)).  Thus, a controversy "arises in" Title 11 when "it would have no practical existence but for the bankruptcy." *Id.*  "[T]he test for determining whether a civil proceeding is "related to" bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831, 836 (4th Cir. 2007) (quoting *Owens-Ill., Inc. v. Rapid Am. Corp.*, 124 F.3d 619, 625 (4th Cir. 1997)) (internal quotation marks omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate." *Valley Historic*, 486 F.3d at 836 (quoting *Owens-Ill.*, 124 F.3d at 625-26).  However, the Supreme Court has held that "related to" jurisdiction "cannot be limitless," and that the critical component of the test is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n. 6 (1995).

Stephen's counterclaims do not meet the standards of 28 U.S.C. §1334(b). They are based on nonbankruptcy law for actions that arose on prepetition conduct and do not arise in a proceeding under Title 11 or arise in a case under Title 11.  Further, they can have no conceivable effect on Debtor's bankruptcy case. The claims are asserted by Stephen personally and seek recovery to him personally.  Neither Stephen nor the counter-defendants are debtors in a bankruptcy case.  The bankruptcy estate is not implicated in the slightest.

Accordingly, it is by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that Stephen Sieber's counterclaims, ECF 6, are hereby dismissed for lack of subject matter jurisdiction.

cc:  all parties
     all counsel

**END OF ORDER**