**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)**

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **DERRICK STEPHEN SIEBER,** | ) | |
| | ) | **Case No. 20-20702** |
| **Debtor** | ) | |
| | ) | **(Chapter 7)** |
| | ) | |
| _____ | | |
| | | |
| **DISTRICT OF COLUMBIA,** | ) | |
| **1350 Pennsylvania Avenue, N.W.** | ) | |
| **Washington, D.C.  20004,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Adv. Pro. 21-00253** |
| | ) | |
| **DERRICK STEPHEN SIEBER,** | ) | |
| **P.O Box 55023,** | ) | |
| **Washington, DC 20040** | ) | |
| | ) | |
| **Defendant** | ) | |

**STATUS REPORT**

Pursuant to the Order of the United States Bankruptcy Court for the District of Maryland,
Greenbelt Division, issued on March 13, 2025, the District of Columbia ("District") hereby
provides this Honorable Court with the following Status Report regarding the Action of the
Superior Court of the District of Columbia ("Superior Court").

On December 18, 2024, the Superior Court issued two Judgments against Debtor, Derrick
Sieber ("Debtor"), both stemming from the District's consumer protection case against Debtor
and other defendants.  In one Judgment, the Superior Court issued an Order against Debtor
jointly and severally with his company Precision Contracting Solutions, LP in the amount of

$629,128.85 ("Judgment No. 1").  A copy of Judgment No. 1 is attached hereto and made a part hereof as District Exhibit No. 1.  In the other Judgment (Judgment No. 2"), the Superior Court issued an Order against Debtor jointly and severally with his company Precision Contracting Solutions, LP and Stephen Sieber in the amount of $2,200,235.39.  A copy of Judgment No. 2 is attached hereto and made a part hereof as District Exhibit No. 2.

While Debtor filed Notices of Appeal on January 15, 2025, for both Judgments, copies of which are attached hereto and made a part hereof as District Exhibit No. 3, a trial court judgment rendered by the Superior Court is final and enforceable unless an application for a stay and a bond are filed in Superior Court.  *See* Super. Ct. Civ. R. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."); *see also*  D.C. App. R. 8(a)(1)(A) ("A party must ordinarily move first in the Superior Court for the following relief . . . a stay of the judgment or order"); *see also Strand v. Frenkel,* 500 A.2d 1368, 1374 (D.C. 1985) ("finality is commonly accorded trial court judgments, absent a stay, pending appeal"); *Sedillo v. New Mexico,* 2004 U.S. Dist. LEXIS 34779 at 9 (D.N. Mex. May 14, 2004) (finding the identical federal rules "presume a district court judgment to be final and enforceable unless an application for stay and a supersedeas bond are presented to the district court").  As the United States District Court for the District of Columbia stated in *Fehr v. McHugh,* 413 A.2d 1285, 1287 (D.C. 1980), "[t]he mere existence of a pending appeal does not deprive the order of the requisite degree of finality."  Here, Debtor has failed to file either an application for a stay or a bond.  Accordingly, the Superior Court judgment is final, and the District intends on filing a motion to lift the stay in this Court in order to proceed with the Adversary Proceeding.

Dated: March 17, 2025.

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General


_____ /s/ William Burk _____
William Burk
Assistant Attorney General, Section Chief
Land Acquisition and Bankruptcy Section
DC Bar No. 464349


_____ /s/ Nancy L. Alper _____
Nancy L. Alper
Senior Assistant Attorney General
DC Bar No. 411324; MD Bar No. 04221
Land Acquisition and Bankruptcy Section
400 6TH Street, N.W., 9th Floor
Washington, DC 20001
(202) 724-8122
nancy.alper@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Status Report* was this 17TH day of March, 2025, filed and served electronically using the Court's ECF System.


_____ /s/ Nancy L. Alper _____
Nancy L. Alper